**CHAPIN v. UNITED STATES (CITY OF HOT SPRINGS, S. D., third party defendant).**

Civ. No. 38f.

United States District Court,
D. South Dakota.

Dec. 5, 1951.

Norman K. Blatchford, Hot Springs, S. D. and Bangs & McCullen, Rapid City, S. D., for plaintiff.

Leo P. Flynn, U. S. Atty., Francis G. Dunn, Asst. U. S. Atty., Sioux Falls, S. D., for defendant.

Cliff Wilson, Hot Springs, S. D., for third party defendant.

WYMAN, District Judge.

This action was instituted by the plaintiff, Stanley E. Chapin, against the United States government for damages alleged to have been sustained by plaintiff in the destruction of a certain mineral spring located

on the property of the plaintiff and used by him in the operation of his hotel and mineral spring bath house. The plaintiff alleges jurisdiction in the Court under the provisions of Sec. 1346, Title 28 U.S.C.A.

The city of Hot Springs was made a third party defendant on application of the defendant government. Both the defendant and third party defendant have interposed answers wherein they allege that the plaintiff's cause of action sounds in tort and arose, if at all, more than two years prior to the commencement of the action and is therefore barred by the statute.

Both the defendant and the third party defendant, at the outset of the trial, moved for an order dismissing the action as barred by the statute of limitations. A motion was also interposed by the plaintiff for an order dismissing the third party proceeding against the City of Hot Springs upon the ground that it was an improper party under the statute and that the Court was without jurisdiction as to the third party defendant. All of said motions were taken under advisement.

■ Taking up plaintiff's motion to dismiss the third party proceedings. I am unable to agree with plaintiff's contention and do not regard his argument or the authorities cited therein as applicable to the situation existing in the case at bar. The third party proceeding is predicated solely upon a certain written indemnity agreement entered into by the third party defendant and the defendant, and said proceeding raises no issue between the plaintiff and third party defendant, and said motion is therefore denied.

As to the motion interposed by defendant and third party defendant for dismissal of the action for the reason that the cause of action sounds in tort and is barred by the statute of limitations, I am of the opinion that said motions were well taken. Plaintiff, however, contends that the action is brought under (2) of Sec. 1346, Title 28, U.S.C.A., and is based upon contract. There is nothing in the evidence, either directly or indirectly, indicating any contract relationship whatever between the plaintiff and defendants, either actual or implied, such as would bring the case with-

in the purview of (2) Sec. 1346. No property of the plaintiff was appropriated by the defendant, and under the facts disclosed by the evidence, there is no satisfactory proof that the particular spring involved ever flowed at all until after the level of the Fall River had been raised by the construction of a penstock or flume across the Fall River some distance above plaintiff's property in question. It is true that there was some testimony to the effect that there was a mineral spring flowing on the property now owned by the plaintiff as early as 1882, but there is nothing identifying the spring involved here as the spring which was flowing at that time, which, for all that appears in the evidence, might well have been the other spring on plaintiff's property, which is still flowing.

It is manifest that the spring here involved was fed by seepage, which might well have been produced by the original construction of the penstock which admittedly raised the level of the river some seven or eight feet. In any event, the most that can be said is that the damage sustained by the plaintiff resulted from the interference with the flow of sub-surface seepage which fed the spring. No interference with the flow of surface water upon or from plaintiff's land is involved. This fact distinguishes the case at bar from those stated by plaintiff in support of his contention.

■ In conclusion suffice it to say that this action against the United States for damages to the property of the plaintiff sounds in tort, and manifestly no action can be maintained against the United States under Sec. 1346(2), U.S.C.A., whether proximate or consequently because such action would necessarily sound in tort and would be barred by sub-section (b) Sec. 2401, U.S.C.A., but even if the same should be considered in accordance with the contention of the plaintiff as predicated upon contract, there is nothing in the evidence to justify a finding of any contractural relationship, either actual or implied, between the parties, and the well settled distinction between contract and tort cannot be evaded by predicating the claim upon an implied contract.

Under the evidence there was no taking within the contemplation of the statute relied on by the plaintiff. The most that can be said is that there was an unintended and unfortunate damage for which the statute relied on offers no remedy.

It follows, therefore, that in my opinion, the plaintiff cannot prevail and judgment must be for the defendant, and which decision disposes of the third party proceeding.

Upon presentation of findings of fact, conclusions of law and judgment in accordance with the foregoing the same will be signed and entered of record.